UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QOTD FILM INVESTMENT, Ltd,

    Plaintiff,

Case No. 16-cv-11274
Hon. Matthew F. Leitman

v.

DOES 1-21,

    Defendants.
_____/

### ORDER DENYING MOTIONS TO QUASH SUBPOENAS (ECF ## 5, 7)

On April 7, 2016, Plaintiff QOTD Film Investment, Ltd. ("QOTD") filed this action against twenty-one "John Doe" Defendants. (*See* Compl., ECF #1.) In its Complaint, QOTD alleges that the unnamed Defendants illegally downloaded and/or allowed others to illegally download the movie "Queen of the Desert," which QOTD produced. (*See id.*)

At the time it filed its Complaint, QOTD did not know the name or contact information for any of the John Doe Defendants. The only information it possessed was the Internet Protocol ("IP") address for those individuals. Thus, on the same day it filed its Complaint, QOTD filed a motion requesting that the Court allow it issue subpoenas to various internet service providers so that it could obtain the name and contact information of the John Doe Defendants (the "Discovery

1

Motion"). (*See* ECF #2.) The Court granted the Discovery Motion by written order on April 15, 2016 (the "Discovery Order"). (*See* ECF #3.)

On May 18, 2016, the Court received a hand-written letter from an individual who is one of the John Doe Defendants named in this action (the "May 18 Letter"). (*See* ECF #5.) In the May 18 Letter, the John Doe Defendant denied having downloaded the Queen of the Desert movie. (*See id.*) In addition, the John Doe Defendant wrote that he did not "give [his] consent to have [his] personal information given [to QOTD] by [his internet service provider] or anyone else." (*Id.*)

On May 23, 2016, the Court received a second letter from a John Doe Defendant (the "May 23 Letter"). (*See* ECF #7.) In the May 23 Letter, an individual informed the Court that she wanted "to quash and vacate the subpoena [she] received from the Comcast office." (*See id.*)

The Court construes both letters as motions to quash the subpoenas authorized in the Discovery Order. For the reasons that follow, it denies both motions.

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena may be quashed or modified if: (i) the subpoena fails to allow a reasonable time to comply; (ii) the subpoena requires a person to comply beyond the geographical limits specified in the federal rules; (iii) the subpoena requires disclosure of privileged or

2

other protected matter, if no exception or waiver applies; or (iv) the subpoena subjects a person to undue burden. *See* Fed. Rule Civ. Proc. 45(d)(3)(A) ("Rule 45(d)").

Here, the subpoenas at issue request only the name and contact information of the John Doe Defendants. As QOTD accurately points out in its response brief (*see* ECF #6 at 4, Pg. ID 52), it cannot move forward in this action without this information because it has no other way of identifying the John Doe Defendants. There was thus good cause for the Court to grant the Discovery Motion and allow QOTD to subpoena the contact information of the John Doe Defendants.

Neither the May 18 Letter nor the May 23 Letter identify any provision of Rule 45(d) (or any other applicable federal rule) which the subpoenas violate. Indeed, the information requested in the subpoenas is discoverable, and the subpoenas do not request any "privileged or other protected" information. *See, e.g.*, *TCYK, LLC v. Does 1-47*, 2013 WL 4805022, at *5 (S.D. Ohio Sept. 9, 2013) (denying motion to quash subpoena and holding that "even if discovery later reveals that a person other than the subscriber violated plaintiff's copyright, the subpoenaed information (the subscriber's contact information) is nevertheless reasonably calculated to lead to the discovery of admissible information, i.e., the identity of the actual infringer"). Defendants' have therefore not provided any basis under which the Court could quash the subpoenas.

3

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that the motions to quash subpoenas (ECF ## 5, 7) are **DENIED**.

Dated: May 26, 2016

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 26, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113